IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) | |
| *Plaintiffs*, | ) | Case No. 17-cv-5650 |
| v. | ) ) | Judge |
| | ) | |
| MARSH GROUP HOLDING, LLC, a Delaware limited liability company; MSH HOLDING, LLC, a Delaware limited liability company; VPS CONVENIENCE STORE GROUP, LLC, a Delaware limited liability company; VP C-STORE REAL ESTATE HOLDING CORP., a Delaware corporation; VP C-STORE FINANCE HOLDING, LLC, a Delaware limited liability company; and MARSH REAL ESTATE SPE, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge |
| *Defendants*. | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendants Marsh Group Holding, LLC, MSH Holding, LLC, VPS Convenience Store Group, LLC, VP C-Store Real Estate Holding Corp., VP C-Store Finance Holding, LLC, and Marsh Real Estate SPE, LLC allege as follows:

### JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*.,

and is a suit for collection of withdrawal liability, interest and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois.

**PARTIES**

4. The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Marsh Group Holding, LLC ("Marsh Group") is a limited liability company organized under the laws of the State of Delaware.

8. Defendant MSH Holding, LLC ("MSH") is a limited liability company organized under the laws of the State of Delaware.

9. Defendant VPS Convenience Store Group, LLC ("VPS") is a limited liability company organized under the laws of the State of Delaware.

10. Defendant VP C-Store Real Estate Holding Corp. ("VP Real Estate") is a corporation organized under the laws of the State of Delaware.

11. Defendant VP C-Store Finance Holding, LLC ("VP Finance") is a limited liability company organized under the laws of the State of Delaware.

12. Defendant Marsh Real Estate SPE, LLC ("Marsh Real Estate") is a limited liability company organized under the laws of the State of Delaware.

## CLAIM FOR RELIEF

13. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14. On or about May 19, 2012, Marsh Group directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits interest or capital interest of MSH.

15. On or about May 19, 2012, MSH directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits interest or capital interest of VPS.

16. On or about May 19, 2012, MSH directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of VP Real Estate.

17. On or about May 19, 2012, MSH directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profit interest or capital interest of VP Finance.

18. On or about May 19, 2012, MSH directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of

the total value of outstanding shares of all classes of stock of Marsh Supermarkets Inc. ("Marsh Inc.").

19. On or about May 19, 2012, Marsh Inc. directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profit interest or capital interest of Marsh Real Estate.

20. On or about May 19, 2012, Marsh Inc. directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profit interest or capital interest of Marsh Supermarkets, LLC ("Marsh Supermarkets").

21. On or about May 19, 2012, Marsh Inc. directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profit interest or capital interest of Contract Transport, LLC ("Contract Transport").

22. On or about July 30, 2013, Marsh Inc. filed Articles of Conversion with the Indiana Secretary of State, converting Marsh Inc. to Marsh Supermarkets Company, LLC ("Marsh Company LLC")

23. On or about May 19, 2012, Marsh Group, MSH, VPS, VP Real Estate, VP Finance, Marsh Inc. n/k/a Marsh Company LLC, Marsh Real Estate, Marsh Supermarkets and Contract Transport were a group of trades or businesses under common control (the "Marsh Controlled Group") and therefore constituted a single employer within the meaning of 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

24. The Marsh Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

25. During all relevant times, Contract Transport and Marsh Supermarkets were bound by collective bargaining agreements with a certain local union affiliated with the

International Brotherhood of Teamsters under which Contract Transport and Marsh Supermarkets were required to make contributions to the Pension Fund on behalf of certain of their employees.

26. The Pension Fund determined that on or about May 19, 2012, the Marsh Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of 29 U.S.C. § 1383.

27. As a result of this complete withdrawal, the Marsh Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $61,571,211.74 (the "2012 Withdrawal Liability") as determined under 29 U.S.C. 1381(b).

28. On or about November 12, 2012, the Marsh Controlled Group, through Marsh Inc. n/k/a Marsh Company LLC received a notice and demand for payment of the 2012 Withdrawal Liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice demanded either full payment of the entire amount of the 2012 Withdrawal Liability by December 1, 2012, or monthly installments of $289,397.07 due on the first of each month, beginning December 1, 2012 and ending on November 1, 2032.

29. On or about April 20, 2017, the Marsh Controlled Group, through Marsh Inc. n/k/a Marsh Company LLC, received a notice from the Pension Fund pursuant to 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned the Marsh Controlled Group of the consequences of its failure to pay such withdrawal liability.

30. The Marsh Controlled Group did not timely initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to 29 U.S.C. § 1401(b)(1).

31. As of the date of this filing, the Marsh Controlled Group has remitted interim withdrawal liability payments totaling $15,049,913.75 (of which $3,451,940.19 was applied to principal, $11,596,707.45 was applied to amortization and billing charges, and $1,266.11 was applied to delinquent interest), for the period of December 1, 2012 through March 31, 2017.

32. On or about May 11, 2017, Marsh Company LLC f/k/a Marsh Inc., Marsh Supermarkets, Contract Transport, and thirteen other affiliated entities, not including Defendants, filed for chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware.

33. The Marsh Controlled Group failed to make all of the required withdrawal liability payments in accordance with the schedule set forth by the Pension Fund and fell into default within the meaning of 29 U.S.C. § 1399(c)(5).

34. Each of the Defendants, as members of the Marsh Controlled Group, are jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

    (i) $58,119,271.55 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase

     Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

  (iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

  (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

              Respectfully submitted,

              /s/ Emily I. Falkof
              Emily I. Falkof (ARDC #06315437)
              CENTRAL STATES FUNDS
              Law Department
              9377 W. Higgins Road, 10th Floor
              Rosemont, IL  60018
              (847) 939-2489
              efalkof@centralstatesfunds.org
August 3, 2017        *COUNSEL FOR CENTRAL STATES*